S94A1613. HOUSTON v. THE STATE.

(453 SE2d 26)

</div>

HUNSTEIN, Justice.

James Kelly Houston was convicted of the felony murder of Eleanor Woods and was sentenced to life in prison. He appeals from the denial of his motion for a new trial.[1]

1. Woods died from a single gunshot wound to the back of her head. The shot was fired within three or four feet of the victim. Ap-

---

[1] The homicide occurred on July 11, 1983. This Court affirmed Houston's original conviction and sentence in *Houston v. State*, 253 Ga. 696 (324 SE2d 183) (1985). Upon a finding by the U. S. Court of Appeals (11th Cir.) that Houston's appellate counsel had rendered ineffective assistance of counsel which actually prejudiced Houston, a writ of habeas corpus was issued and Houston was retried September 13-16, 1993. Houston was found guilty on September 16, 1993 and was sentenced the same day. His motion for new trial was filed on October 11, 1993 and was denied in its amended form on May 12, 1994. A notice of appeal was filed on June 9, 1994 and the case was docketed in this Court on July 20, 1994. The appeal was submitted for decision without oral argument on September 12, 1994.

pellant testified that he shot Woods with his .38 handgun but did so out of self-defense. No other gun was found at the crime scene. The evidence supports the felony murder conviction. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. We have reviewed appellant's remaining enumerations of error[2] and find them to be without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 13, 1995.

*Elliott A. Shoenthal,* for appellant.

*J. Tom Morgan, District Attorney, John H. Petrey, Barbara B. Conroy, Assistant District Attorneys, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Rachelle L. Strausner, Assistant Attorney General,* for appellee.

---

[2] Appellant enumerates as error the refusal to give a charge on involuntary manslaughter; the ineffectiveness of trial counsel; the admission of his custodial statement; the prosecution's mention of appellant's prior trial; ballistics testimony by the medical examiner; and evidence of prior difficulties between the parties.